UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE MYRIAN WEIL<br><br>JOSEPH CHEKROUN,<br>    Appellant,<br><br>    v.<br><br>MYRIAN WEIL,<br>    Appellee. | CIVIL ACTION NO.<br>3:12cv462 (SRU) |

MEMORANDUM OF DECISION

Appellant Joseph Chekroun appeals from the order of the United States Bankruptcy Court for the District of Connecticut, dated February 22, 2012, granting debtor Myrian Weil's Motion to Impose, Continue, and Extend the Automatic Stay (Bankr. No. 11-51930 (AHS), doc. # 75). For the reasons that follow, the order is **AFFIRMED IN SUBSTANTIAL PART on other grounds**.

I.      Background

This appeal arises out of a Chapter 11 bankruptcy case filed by the debtor, Myrian Weil ("Weil" or "the debtor"), on September 27, 2011. Appellant Joseph Chekroun ("Chekroun") is a creditor who held a mortgage on certain real property owned by Weil. Chekroun previously obtained a judgment of strict foreclosure on that mortgage in Connecticut Superior Court.

Weil filed the current Chapter 11 case less than one year after her previous Chapter 13 case was dismissed. As a result, the automatic stay normally triggered by the filing of a bankruptcy petition was subject to the repeat-filer provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (codified in scattered

sections of 11 U.S.C.).  Section 362(c)(3)(A) provides that, under these circumstances, the automatic stay "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case."  11 U.S.C. § 362(c)(3)(A).  Upon motion by a party in interest, however, the Bankruptcy Court may extend the stay "after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."  11 U.S.C. § 362(c)(3)(B).

On September 28, 2011, the debtor filed a Motion to Impose, Continue, and Extend the Automatic Stay (the "Motion").  Thereafter, on October 18, 2011, the Bankruptcy Court held an initial hearing on the Motion.  At that hearing, Bankruptcy Judge Alan H.W. Shiff indicated that a subsequent hearing needed to be scheduled to determine whether Weil's bankruptcy case was filed in good faith.  Both parties expressed concerns that any such hearing must be held within the thirty-day time limit imposed by section 362(c)(3)(B).  Judge Shiff, however, stated that, because the motion to extend the stay was filed within thirty days of Weil's petition, there was no need to decide the Motion within that time frame.  *See* Tr. of Proceedings (Oct. 18, 2011), at 4-5.  The matter was then adjourned for scheduling.

On February 8, 2012, the Bankruptcy Court held a hearing on the good faith issue.  Crediting testimony from the debtor's husband regarding a new business venture, the Bankruptcy Court determined that the petition was, in fact, filed in good faith and granted the debtor's Motion to extend the stay in a written order dated February 22, 2012.  (Bankr. No. 11-51930 (AHS), doc. # 75).  Chekroun's appeal timely followed.

## II.     Standard of Review

Federal district courts have jurisdiction to hear appeals of final judgments, orders, and decrees of the Bankruptcy Court under 28 U.S.C. § 158(a)(1).  *In re Flanagan*, 415 B.R. 29, 38 (D. Conn. 2009).  On appeal, the district court will "review Bankruptcy Courts' conclusions of law *de novo*, and their findings of fact for clear error."  *Mercury Capital Corp. v. Milford Connecticut Associates, L.P.*, 354 B.R. 1, 6-7 (D. Conn. 2006) (citing Fed. R. Bankr. P. 8013).  The district court may "affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.

## III.    Discussion

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of" most actions against the debtor, the debtor's property, and property of the bankruptcy estate.  11 U.S.C. § 362(a); *see also Eastern Refractories Co. Inc. v. Forty-Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998).  The automatic stay "operates to protect debtors by giving them temporary relief from creditors and protects creditors as a whole by avoiding a first-come first-served race to the debtor's assets."  *Kommanditselskab Supertrans v. O.C.C. Shipping, Inc.*, 79 B.R. 534, 540 (S.D.N.Y. 1987).

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") as a "comprehensive reform measure to curb abuses and improve fairness in the federal bankruptcy system."  *Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 85 (2d Cir. 2010).  One such reform—aimed at deterring abuses by serial filers—was the addition of sections 362(c)(3) and (4), which prescribe conditions under which the stay under section 362(a) either terminates early or does not arise automatically.  Section 362(c)(3) applies where one previous

bankruptcy case was dismissed in the preceding year and provides that the automatic stay in the subsequent case will terminate "with respect to the debtor" thirty days after the petition is filed. 11 U.S.C. § 362(c)(3)(A). Section 362(c)(4), in contrast, applies where two or more cases were dismissed in the preceding year and provides that "the stay under [section 362(a)] shall not go into effect upon the filing of the later case." *Id.* § 362(c)(4)(A)(i).

BAPCPA's penalties on repeat-filers are tempered to some degree by provisions permitting the Court to extend the automatic stay—or impose one for the first time—if a party in interest "demonstrates [by clear and convincing evidence] that the filing of the later case is in good faith as to the creditors to be stayed." *Id.* §§ 362(c)(3)(B), 362(c)(4)(B). Notably, motions to *extend* the automatic stay under section 362(c)(3) must be filed and the "hearing *completed* before the expiration of the 30-day period," while motions to *impose* an automatic stay under section 362(c)(4) need only be filed—not heard or decided—within thirty days. *Compare id.* § 362(c)(3)(B) (emphasis added), *with id.* § 362(c)(4)(B). In other words, section 362(c)(3) imposes a thirty-day deadline on both the movant and the Court, while section 362(c)(4) imposes a thirty-day deadline on the movant alone. In the latter scenario, so long as the motion is timely filed, the Court may hear the matter at its leisure, while in the former scenario, the Court must act with atypical swiftness.

In the case at bar, Weil timely filed the Motion, but the Bankruptcy Court failed to complete the good faith hearing within the thirty-day period imposed by section 362(c)(3). Under the plain meaning of section 362(c)(3)(A), the automatic stay had already terminated by operation of law months before the February 2012 hearing, and therefore could not be extended under section 362(c)(3)(B). *See, e.g.*, *In re Tubman*, 364 B.R. 574, 580 (Bankr. D. Md. 2007) ("Section

362(c)(3)(A) is self-executing and serves to terminate the stay 'on the 30th day after the filing of the later case.' Under Section 362(c)(3)(B), if a party in interest desires the continuation of the stay beyond that period, then a motion to extend automatic stay must both be filed *and granted* 'after notice and hearing completed before the expiration of the 30-day period.'") (emphasis added); *In re Moreno*, No. 07-13478-B-13, 2007 WL 4166296, at *1 (Bankr. E.D. Cal. Nov. 20, 2007) (noting that, under section 362(c)(3)(B), the "hearing must be *completed* before expiration of the 30 days," and concluding that "[e]xtending the time for a hearing under Rule 9006(b) will not postpone termination of the stay, which is mandatory by the plain meaning of § 362(c)(3)(A)"); *In re Norman*, 346 B.R. 181, 183 (Bankr. N.D. W.Va. 2006) (concluding that, even where a debtor files the motion before expiration of the 30-day period, the court must still complete a hearing before the thirty-day period expires); *Capital One Auto Finance v. Cowley*, 374 B.R. 601, 609 (W.D. Tex. 2006) ("Section 362(c)(3) does not provide for the possibility of an interim order extending the stay before a hearing is completed."); *In re Williams*, 346 B.R. 361, 370 (Bankr. E.D. Pa. 2006) ("Therefore, if a debtor seeks to extend the stay beyond thirty days as permitted by section 362(c)(3)(B), it is incumbent upon him to insure that his motion is filed *and heard* within the thirty-day window.") (emphasis added). The Bankruptcy Court's order extending the automatic stay under section 362(c)(3)(B) was therefore issued beyond the statutory deadline and was legally ineffective to extend the automatic stay.[1]

---

[1] Some courts, recognizing the injustice that may result from rigid application of section 362(c)(3), have exercised their inherent equitable powers under 11 U.S.C. § 105(a) to reimpose the automatic stay even after it has lapsed due to the debtor's failure to satisfy section 362(c)(3)'s requirements. *See, e.g.*, *In re Williams*, 346 B.R. 361, 371 (Bankr. E.D. Pa. 2006) ("Therefore, when a portion of the bankruptcy stay under section 362(a) has been terminated by virtue of section 362(c)(3), the debtor may seek to enjoin creditors by virtue of section 105(a)."). In the case at bar, however, the Bankruptcy Court made no mention of section 105(a) in its order

That determination does not end the matter, however. Although the automatic stay terminated pursuant to section 362(c)(3)(A), the *scope* of that termination remains in question.

As noted above, section 362(c)(3)(A) provides that "the stay under [section 362(a)] with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate *with respect to the debtor* on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A) (emphasis added). Most courts to examine the issue have interpreted the "with respect to the debtor" language as limiting the scope and effect of the stay's termination to actions against the debtor personally and against the debtor's non-estate property. Thus, the emerging majority view is that the termination of the automatic stay under section 362(c)(3) does not extend to actions against the property of the bankruptcy estate—rather, the stay remains in effect with respect to estate property, which, as a practical matter, encompasses the lion's share of assets in play. *See, e.g.*, *In re Holcomb*, 380 B.R. 813, 816 (B.A.P. 10th Cir. 2008) ("[T]he automatic stay terminates under § 362(c)(3)(A) only with respect to the debtor and the debtor's property but not as to property of the estate."); *In re Jumpp*, 356 B.R. 789, 791 (B.A.P. 1st Cir. 2006) ("The majority of courts that have considered the issue have concluded that the automatic stay does not terminate with respect to property of the estate."); *In re Mortimore*, No.

---

extending the stay and, in any event, the debtor presented no arguments warranting such injunctive relief. *See In re Zahn Farms*, 206 B.R. 643, 645 (B.A.P. 2d Cir. 1997) (noting that a motion to reinstate an automatic stay "is, in fact, a request for an injunction and should meet the standards therefor"). Therefore, I need not address the applicability, if any, of section 105(a) to this case. *See In re Vorburger*, No. 09-cv-13871 (AJG), 2010 WL 3448317, at *1 ((Bankr. S.D.N.Y. Aug. 31, 2010) ("In order to obtain reinstatement of the stay despite failing to make a proper and timely motion for continuation under § 362(c)(3)(B), the Debtor would have had to move for the Court to exercise its authority under 11 U.S.C.A. § 105(a). . . . The Debtor does not present any arguments that would warrant the Court exercising its § 105(a) equitable powers to reimpose the automatic stay in this case.").

11-cv-955 (RMB), 2011 WL 6717680, at *6 (D.N.J. Dec. 21, 2011) ("Thus, the Bankruptcy Court properly interpreted the automatic termination under § 362(c)(3)(A) to apply only to non-estate property and leases."*)*; *Williams*, 346 B.R. at 367 ("[S]ince section 362(c)(3)(A) does not purport to terminate the stay as to estate property—a concept defined by section 541(a), and which property is distinct from the debtor or the debtor's property—the stay provisions imposed by sections 362(a)(3), (a)(4), and part of (a)(2), expressly protecting property of the estate, do not expire after thirty days."); *In re Jones*, 339 B.R. 360, 365 (Bankr. E.D.N.C. 2006) ("It is abundantly clear from the plain language of § 362(c)(3)(A) that the stay that terminates under that section is not the stay that protects property of the estate."); *In re Johnson*, 335 B.R. 805, 806 (Bankr. W.D. Tenn. 2006) ("[T]he plain language of § 362(c)(3)(A) dictates that the 30-day time limit only applies to 'debts' or 'property of the debtor' and not to 'property of the estate.'").

A dwindling minority of courts reach the opposite conclusion, citing ambiguities in BAPCPA's statutory language and Congress's intent to punish serial filers who abuse the Code hoping to forestall creditor action indefinitely. *See In re Reswick*, 446 B.R. 362, 371 (B.A.P. 9th Cir. 2011) (holding that the automatic stay terminates in its entirety as of the thirtieth day); *In re Jupiter*, 344 B.R. 754, 762 (Bankr. D.S.C. 2006) ("[T]he Court finds that § 362(c)(3)(A) terminates the automatic stay as to Debtor and property of Debtor's estate.  A contrary interpretation is demonstrably at odds with Congress's intent to deter bad faith, successive filings, fails to consider the context of § 362(c)(3) as a whole, and fails to account for the ambiguities in § 362(c)(3)(A)."); *but see In re Rinard*, 451 B.R. 12, 19-20 (Bankr. C.D. Cal. 2011) (rejecting the reasoning in *In re Reswick*, 446 B.R. at 371, in favor of the majority view).

Although the Second Circuit has yet to address the issue, at least two district courts within

this Circuit have adopted the majority view, concluding that the stay that terminates "with respect to the debtor" under section 362(c)(3)(A) applies only against the debtor and the debtor's property, while the stay against estate property remains in full effect.  *See In re McFeeley*, 362 B.R. 121, 123 (Bankr. D. Vt. 2007) ("A consensus has been forming that the stay referred to in § 362(c)(3)(A) 'terminates the stay with respect to actions taken against the debtor and against property of the debtor, but does not terminate the stay with respect to the property of the estate.'") (quoting *Jones*, 339 B.R. at 365); *In re Rice*, 392 B.R. 35, 38 (Bankr. W.D.N.Y. 2006) ("Although 11 U.S.C. § 362(c)(3)(A) has effected a termination of the automatic stay 'with respect to the debtor,' all other aspects of the automatic stay remain operative, including the stay of proceedings to obtain possession of estate property.").

Finding the majority interpretation persuasive, I hold that section 362(c)(3) merely provides for a partial termination of the automatic stay.  After thirty days, the stay terminates only with respect to the debtor and the debtor's property; the stay remains operative, however, with respect to estate property even after the thirty-day period expires.

In my view, the majority interpretation better comports with principles of statutory construction. "Normally, '[w]hen the words of a statute are unambiguous, . . . judicial inquiry is complete.'"  *Anderson v. Conboy*, 156 F.3d 167, 178 (2d Cir. 1998) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)).  Here, BAPCPA's drafting may be inartful, and the framework labyrinthine, but section 362(c)(3)(A) is nonetheless unambiguous:  barring an extension, the automatic stay only terminates "*with respect to the debtor*" thirty days after filing a successive petition.  11 U.S.C. § 362(c)(3)(A) (emphasis added).  Indeed, as other courts have noted, the Bankruptcy Code elsewhere "differentiates between acts against the debtor, against

property of the debtor and against property of the estate." *Jones*, 339 B.R. at 363 (citing 11 U.S.C. § 362(a)). Thus, the phrase "with respect to the debtor" should be construed to mean what it says: the stay terminates only with respect to the debtor and the debtor's property, but not with respect to property of the estate.

Applying these principles to the case at bar, I conclude that the automatic stay has terminated, but has not terminated in its entirety. The automatic stay remains in effect with respect to property of the bankruptcy estate, as defined by 11 U.S.C. §§ 541 and 1115. Thus, to the extent Chekroun's interests concern estate property (and there is nothing to indicate to the contrary), the automatic stay with respect to that property was never subject to termination under section 362(c)(3), and there was never any need for the debtor to move for—nor for the Bankruptcy Court to grant—an extension.[2] Under these circumstances, the Bankruptcy Court's order extending the automatic stay was ineffective as untimely, but as a practical matter, was also largely unnecessary and legally harmless. Whether the stay was "extended" or never lapsed in the first place, the result is the same: the automatic stay remains in effect with respect to estate property against which creditors like Chekroun seek to take action.

In sum, the automatic stay terminated by operation of law with respect to the debtor and the debtor's property, but remains in effect with respect to the property of the estate. Therefore, the Bankruptcy Court's order is affirmed in substantial part on other grounds. The order was ineffective to "extend" the automatic stay after the thirty-day period had expired, but remains in effect with respect to property of the estate.

---

[2] For this reason, Chekroun's other arguments on appeal concerning the Bankruptcy Court's good-faith analysis need not be addressed.

### IV. Conclusion

For the reasons stated above, the order of the Bankruptcy Court is **AFFIRMED IN SUBSTANTIAL PART on other grounds**. The automatic stay terminated by operation of law with respect to the debtor and the debtor's property, but remains in effect with respect to the property of the estate. The Clerk shall close this file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 29th day of April 2013.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge